IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 08-141-GF-BMM-JTJ |
| Plaintiff, | FINDINGS AND RECOMMENDATIONS |
| v. | |
| TIMOTHY BRUCE RUDDLE, | |
| Defendant. | |

## I.     Synopsis

Defendant Timothy Bruce Ruddle (Ruddle) has been accused of violating the

conditions of his supervised release. (Doc. 72). Ruddle admitted one of the alleged

violations. Ruddle's supervised release should be revoked. Ruddle should be

sentenced to custody for 75 days, with a lifetime of supervised release to follow.

## II.     Status

Ruddle plead guilty on January 21, 2009, to Receipt of Child Pornography, in

violation of 18 U.S.C. § 2252 (a)(2), as charged in Count 1 of the Indictment. (Doc.

18).  Ruddle was sentenced to 210 months of custody, with a lifetime of supervised

release to follow. (Doc. 32). Ruddle's current term of supervised release began on May 17, 2025.

**Petition**

On February 9, 2026, the United States Probation Office filed a Petition requesting that the Court revoke Ruddle's supervised release. (Doc. 72). The Petition alleged Ruddle violated conditions of his supervised release by: (1) using Spotify to seek and view videos and podcasts depicting sexually explicit conduct on multiply occasions;  and (2) being terminated from sex offender treatment on February 9, 2026.

**Initial Appearance**

Ruddle appeared before the Court on February 24, 2026. Ruddle was represented by counsel.  Ruddle stated that he had read the Petition and that he understood the allegations against him.  Ruddle waived his right to a preliminary hearing.

**Revocation hearing**

Ruddle appeared before the Court on February 24, 2026. The parties consented to proceed with the revocation hearing before the undersigned. Ruddle admitted that he had violated the conditions of supervised release as set forth as allegation 2 in the Petition.  After arguments from the parties, the Court determined that the Government had not met its burden regarding allegation 1. Ruddle's

admitted violation, allegation 2, is serious and warrants revocation of his supervised release.

**Sentencing hearing**

Ruddle appeared before the Court on February 24, 2025. Ruddle's violations are Grade C. His criminal history category is I. Ruddle's underlying offense is a Class C felony. Ruddle could be incarcerated for up to 24 months. Ruddle could be ordered to remain on supervised release for life. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III.    Analysis

Pursuant to 18 U.S.C § 3583(e)(3), Ruddle's supervised release should be revoked. Ruddle should be sentenced to custody for 75 days, with a lifetime of supervised release to follow. This sentence is sufficient but not greater than necessary.

### IV.    Conclusion

The Court informed Ruddle that the above sentence would be recommended to the Chief United States District Judge Brian Morris. The Court also informed Ruddle of his right to object to these Findings and Recommendations within 14 days of this issuance. The Court explained to Ruddle that Judge Morris would

consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose.

The Court **FINDS:**

That TIMOTHY BRUCE RUDDLE has violated the conditions of his supervised release by: (2) being terminated from sex offender treatment on February 9, 2026.

The Court **RECOMMENDS:**

That the District Court revoke Ruddle's supervised release and sentence Ruddle to custody for 75 days, with a lifetime of supervised release to follow.

**NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT**

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing.  28 U.S.C.  § 636(b)(1).  A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made.  The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge and may waive the right to appear and allocute before a district court judge.

DATED this 25th day of February 2026.

John Johnston
United States Magistrate Judge